The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William L. Haigh. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident giving rise hereto, the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act with defendant employer regularly employing three or more employees, one of whom was plaintiff.
2. Employer's Insurance of Wausau was the compensation carrier on the risk.
3. In addition, the parties stipulated into evidence the March 30, 1993 report by Dr. Hart which is marked as Stipulated Exhibit #1.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, who is approximately 65 years old, is a college graduate as well as a graduate of a seminary school and he is an ordained Lutheran minister. For a period of five and one-half years beginning in 1981 he worked as personnel manager of Hickory Chair Company where he routinely worked with Wausau Insurance Company who was the workers' compensation insurance carrier. He began working for defendant employer in about 1990 as a final inspector and remained so employed until July 1992.
2. As a final inspector, plaintiff looked at finished pieces of furniture, rejected those with defects and referred those for repair. As part of his duties, plaintiff picked up chairs and ottomen and, with the assistance of a co-employee, he picked up sofas and put the pieces of furniture on flats.
3. In about March 1991 plaintiff put his foot in a hole that was covered by cardboard and thereby injured his Achilles tendon in his foot while working for defendant employer. Plaintiff then told Lester Dellinger, his supervisor of the injury after which Dellinger advised Pat Kahill in personnel. She then completed a Form 19 Report of Injury and sent it to the workers' compensation carrier.
4. During the May 1993 workers' compensation hearing with respect to plaintiff's foot injury, Dellinger and Kahill first became aware that plaintiff was alleging an injury on the job in January 1992 which allegedly caused a hernia.
5. Plaintiff's testimony which, if believed, would establish that on January 15, 1992 he and Darrin Hodge, a co-employee, picked up a sofa and put it in a tray whereupon plaintiff felt a stinging sensation in his groin area and observed the groin push out and that he then reported the injury to Lester Dellinger is not accepted as credible.
6. At some undeterminable time when plaintiff was still working for defendant employer, plaintiff told Dellinger that he (plaintiff) was getting too far in age to lift pieces of furniture and he wanted someone else to lift them. Plaintiff never told Dellinger he had hurt himself on the job or that he had sustained a hernia.
7. Plaintiff continued working for defendant employer following January 15, 1992 until he retired in July 1992. He has experienced no significant problems with the inguinal hernia and missed no time from work by reason thereof. He first received medical attention for it in March 1993. Plaintiff has a history of coughing while on a sofa and rupturing his stomach area and experiencing a hernia in that area in about January 1989 but he experienced no problems therefrom so he did not have anything done about it or seek medical treatment.
8. The credible evidence fails to establish that plaintiff sustained an injury by accident or a specific traumatic incident during the course and scope of his employment with defendant employer on or about January 15, 1992.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff did not sustain an injury by accident or a specific traumatic incident while working for defendant employer on or about January 15, 1992. G.S. § 97-2(6) and (18).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must under the law be and it is hereby DENIED.
2. Each side shall pay its own costs. It appearing that defendants, without justifiable cause, failed to timely file a Form 33R, IT IS ORDERED that defendants shall pay the sum of $50.00 to the Industrial Commission as part of the cost in this case.
IT IS ORDERED that this case is REMOVED from the Full Commission hearing docket.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER